## 47979. MORRIS v. JONES.

Evans, Judge. Ransom Jones filed a dispossessory warrant against Florence Morris. The defendant answered, denying the facts pleaded. The case came on for trial and the defendant admitted the rental contract, and contended that the dwelling had been declared unfit for human habitation; that it was in fact unfit for human habitation; and the obligation to pay rent had thus been suspended by reason of such unfitness. There was no dispute that the sum of $300 rent would be due if liability was proven on the contract. Judgment was rendered in favor of the plaintiff, and against defendant, in the amount of $300 rent, and a writ of possession issued. The defendant appeals from the judgment of $300 against her and from the award of a writ of possession.

The sole enumeration of error is that the court erred in excluding proof that the dwelling was unfit for human habitation and had been so declared by legal and competent public authority. The defendant contends that this was error and that the rental agreement for a dwelling which is declared unfit is illegal and void under Code § 20-305. She contends further that the rental agreement is against public policy and void under Code Ann. § 20-504 (Ga. L. 1970, p. 441), and Code § 20-501.

The case was not reported by a court reporter under Code Ann. § 6-805 (e) (Ga. L. 1965, pp. 18, 24), but a transcript was prepared from recollection in narrative form by agreement of opposing counsel and approved by the trial judge under Code Ann. § 6-805 (g), supra.

1. It was shown that the house had no bathroom and no hot water, but this alone did not prove the house to be unfit for human habitation. The trial judge ruled that it appeared that the house was at the present time being inhabited by the plaintiff, which refuted her

contention that it was, as a matter of fact, unfit for human habitation. We affirm as to this ruling.

2. But defendant offered to prove the residence did not comply with the local housing code; and that it had been declared "unfit for human habitation" by the local housing inspector; and that she had not paid the rent because of this declaration that the house was out of compliance with the housing code. The trial judge ruled that she would not be allowed to make this proof because of her continuing to inhabit the house. Because of this ruling, both the lower court and this court are deprived of knowledge of the Macon Housing Code, and its requirements and its penalties. The summary of evidence shows that plaintiff admitted that "it is not economically feasible to bring the premises up to the housing code of the City of Macon," but this still leaves us without any knowledge as to details of said housing code, and what penalties, if any, are provided for such failure. Defendant's offer of proof was broad enough to include proof as to the housing code. It may be that this code declares that no obligation to pay rent exists between tenant and landlord after a declaration that the house is unfit for human habitation, regardless of continued occupancy by the tenant. The trial judge erred in rejecting this evidence, which we must assume was in proper form for admission, in the absence of any contention to the contrary. The evidence was not rejected because of failure to comply with the law as to the form in which it was offered, but because the trial judge considered the offer of proof as being irrelevant.

But while a local ordinance or housing code may nullify the right of a landlord to collect rent under certain circumstances (and we express no opinion as to this question), it cannot defeat his right to regain possession of his land and buildings wrongfully occupied by another person without payment of rent.

We, therefore, affirm the judgment as to granting a writ of possession to the plaintiff landlord, and reverse the judgment as to awarding plaintiff $300 rental. This latter question may be determined in another trial, where defendant will be allowed to introduce the local housing code so far as relevant to this case, and such declarations, if any, that the house was unfit for human habitation, and such penalties, if any, that are provided under the local housing code.

*Judgment affirmed in part; reversed in part. Clark, J., concurs. Hall, P. J., concurs in Division 2 and in the judgment.*

ARGUED MARCH 6, 1973 — DECIDED APRIL 20, 1973.

*Sidney L. Moore, Jr., John Cromartie, Bettye Kehrer,* for appellant.

*W. Horace Vandiver,* for appellee.